UNITED STATES of America, Plaintiff—Appellee,

v.

Francisco BEAS–NUNEZ, Defendant—Appellant.

No. 02–50298.

D.C. No. CR–01–03197–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2003.*

Decided March 12, 2003.

Before LAY,** HAWKINS and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM ***

The statutes under which Beas–Nunez was convicted, 21 U.S.C. §§ 952 & 960, remain constitutional after *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). *United States v. Hernandez,* 314 F.3d 430, 437–38 (9th Cir. 2002) (rejecting argument that *Harris* overruled *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc) and *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.2002)).

The testimony of the government expert witness on narcotics value that his duties involved investigation of drug smuggling organizations was not impermissible organization structure testimony within the meaning of *United States v. Vallejo,* 237 F.3d 1008 (9th Cir.2001) or *United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir. 2002). There is no reasonable likelihood that the jury would have construed a cursory reference to the expert's existing duties to imply that Beas–Nunez was a member of such an organization.

Beas–Nunez's objections to various portions of the government's closing argument are also without merit. The statements of which Beas–Nunez complains did not constitute impermissible vouching or expressions of personal opinion, but were arguments supported by the record or reasonable inferences therefrom. *See United States v. Atcheson,* 94 F.3d 1237, 1244 (9th Cir.1996); *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993). Moreover, the statements are reviewed for plain error, and, even if they were improper, we cannot conclude that they prejudiced Beas–Nunez or resulted in a miscarriage of justice. *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991).

*** This disposition is not appropriate for publication and may not be cited to or by the

Finally, there was no error in admitting Beas–Nunez's un-Mirandized inculpatory questions to Agent Behm. The district court did not err in finding that these statements were not in response to interrogation, but were spontaneous, volunteered statements by Beas–Nunez. *Rhode Island v. Innis,* 446 U.S. 291, 301–03, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Miranda v. Arizona,* 384 U.S. 436, 477, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Agent Behm's conduct in gathering biographical information was not the "functional equivalent" of questioning Beas–Nunez about the crime. *Innis,* 446 U.S. at 303, 100 S.Ct. 1682.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

